CLD-232                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2226
_____

MICHAEL SHARPE,
                                        Appellant

v.

J.T. SHARTLE, Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-02355 )
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
July 8, 2011
Before:  RENDELL, FUENTES, and SMITH, Circuit Judges

(Opinion filed:  August 3, 2011)
_____

OPINION
_____

PER CURIAM

        Michael Sharpe, a pro se prisoner, appeals from an order of the United States

District Court for the District of New Jersey dismissing his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, we will summarily

affirm.  See I.O.P. 10.6.

1

I.

In October 2003, following a jury trial in the Eastern District of Pennsylvania, Sharpe was convicted of conspiracy to commit robbery and receiving stolen firearms. In June 2004, he pled guilty in two separate cases to possession of a firearm by a convicted felon and assault on a federal employee, and carrying a firearm in relation to a crime of violence, respectively. He was sentenced in one proceeding and received concurrent sentences for all charges. Sharpe also waived his appellate rights, and his right to collaterally attack his conviction. The written judgment was entered in June 2005. However, the document mistakenly states that Sharpe pled guilty to assault on a federal employee in violation of 18 U.S.C. §§ 111[1] and 114 (maiming within maritime and territorial jurisdiction), instead of §§ 111 and 1114 (assault on a federal officer).

Sharpe did not appeal, but on April 30, 2007, he filed a pro se motion under 28 U.S.C. § 2255. He raised claims of ineffective assistance of counsel, prosecutorial and judicial misconduct, coercion in regard to the guilty plea, and actual innocence. The sentencing court denied the motion as time-barred, and in the alternative, held that his waiver should be upheld and that his claims lacked merit. We declined to issue a certificate of appealability. Sharpe later filed a motion for correction or modification of the record, arguing that he was actually innocent of assault on a federal officer, which was denied.

---

[1] Section 111 makes it a crime to forcibly assault, resist, oppose, impede, intimidate or interfere with any person designated in Section 1114 of Title 18, while engaged in or on account of the performance of official duty. Thus, § 1114 specifies the federal employees that § 111 makes it a crime to assault.

In April 2011, Sharpe filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District Court. Sharpe asked the Court to withdraw his guilty plea and vacate his judgment of sentence on the following grounds: (1) because he is actually innocent of violating 18 U.S.C. § 114 and relief under § 2255 is no longer available, § 2255 is inadequate and ineffective for his actual innocence claim; (2) his guilty plea violates Rule 11 because he was never advised that he was pleading guilty to 18 U.S.C. § 114, and understood he was charged with and was pleading guilty to 18 U.S.C. § 1114;[2] (3) counsel was ineffective in failing to investigate and accurately advise Petitioner what he was pleading guilty to; (4) the conviction and sentence violate due process. The District Court dismissed the petition and Sharpe timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We will summarily affirm the order of the District Court because this appeal presents no substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

A motion pursuant to 28 U.S.C. § 2255 is the primary means to collaterally challenge a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). We have held that the District Court may not consider claims properly brought under § 2255 in a § 2241 habeas corpus petition unless § 2255 would provide an

_____

[2] The plea agreement clearly states that Sharpe agreed to plead guilty to § 1114.

3

"inadequate or ineffective" means of relief. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Sharpe's challenges to his sentence are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241. The mere fact that Sharpe is prevented by the gatekeeping requirements of § 2255(h) from litigating his present claims does not mean that § 2255 is inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). [3]

As Sharpe's appeal presents no substantial question, we will summarily affirm the order of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[3] We note that in June 2011, the sentencing court, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, corrected the clerical error contained in the written judgment to reflect that Sharpe was adjudicated guilty of § 1114, rather than § 114.