CLD-171                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3936
_____

UNITED STATES OF AMERICA

v.

MICHAEL SHARPE,
                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-02-cr-00772-006)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 6, 2014

Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Filed: February 12, 2014)
_____

OPINION
_____

PER CURIAM

        Michael Sharpe appeals pro se from the District Court's order denying his motion

for reconsideration of his sentence.  We will affirm.

In 2004, the District Court sentenced Sharpe to an aggregate term of 144 months in prison following his conviction in three separate proceedings of numerous federal crimes. Sharpe has collaterally challenged his convictions and sentence numerous times over the years. See, e.g., Sharpe v. Shartle, 441 F. App'x 66, 67-68 (3d Cir. 2011). Sharpe's federal sentence finally expired on May 24, 2013, and he was released from federal prison and remanded to Pennsylvania custody on a Pennsylvania parole violation.

Shortly thereafter, Sharpe filed with the District Court the motion at issue here, which he captioned as a "nunc pro tunc motion for reconsideration of sentence." Sharpe requested that the District Court reconsider his sentence by making it concurrent with his subsequently imposed Pennsylvania sentence. The District Court concluded that it lacks the authority to modify Sharpe's federal sentence and denied his motion. Sharpe appeals.

We agree that the District Court lacked the authority to modify Sharpe's sentence. District courts "'may not modify a term of imprisonment once it has been imposed except'" in limited circumstances not present here. United States v. Washington, 549 F.3d 905, 915 (3d Cir. 2008) (quoting 18 U.S.C. § 3582(c)); see also United States v. Dunn, 631 F.3d 1291, 1292-93 (D.C. Cir. 2011) (holding that district courts lack the authority to order that a previously imposed consecutive sentence run concurrently instead when reducing the sentence under § 3582(c)(2)).

Sharpe argues that the District Court's authority to order his federal sentence to run concurrently with his subsequently imposed state sentence was recently clarified by

Setser v. United States, 132 S. Ct. 1463 (2012). Setser, however, holds merely that district courts have such authority at the time of sentencing. See id. at 1466, 1468. Setser does not address the limitation contained in § 3582 on district courts' authority to modify sentences thereafter. Sharpe also relies on the provisions of Rule 15 of the Federal Rules of Civil Procedure governing the relation back of amendments to a pleading, but that Rule is plainly inapplicable in this context.

Finally, even if the District Court had been authorized to modify Sharpe's federal sentence, that is not really what he was asking the court to do. Sharpe's federal sentence has expired and he is now serving a state-court sentence. Thus, Sharpe is really seeking to modify his state sentence on the ground that it should (or should have) run concurrently with his federal sentence. That is a matter for Pennsylvania authorities, not the federal courts. See Santiago v. Pa. Bd. of Prob. and Parole, 937 A.2d 610, 614 n.11 (Pa. Commw. Ct. 2007).

For these reasons, we will affirm the judgment of the District Court.