**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Adolph SPEARS, Sr., Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Dana Annette Hodge, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Byron Van Branch, Jr., aka Muff; aka John Macell, Defendant—Appellant.**

Nos. 01–30195, 01–30423, 01–30455.
D.C. Nos. CR–98–00208–22–ALH, CR–98–00208–10–ALH, CR–98–00208–ALH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided March 3, 2003.

Before KLEINFELD and McKEOWN, Circuit Judges, and BREYER,* District Judge.

## MEMORANDUM**

Defendants Spears, Hodge, and Branch appeal their convictions, after a jury trial, for their roles in a conspiracy to transport cocaine from California to Oregon where the conspiracy distributed the cocaine.

---

* The Honorable Charles R. Breyer, District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

They allege numerous errors in the district court's pre-trial orders as well as *Apprendi* errors in their sentences.

Spears and Hodge allege that the district court erred in denying their motion to suppress evidence obtained from a wiretap of Spears' telephones. We review de novo the district court's denial of a motion to suppress wiretap evidence.[1] We review de novo whether the government's application satisfies the "full and complete statement of facts" requirement and a district court's decision that a wiretap is necessary for an abuse of discretion.[2] As the district court conducted a *Franks* hearing, we review those factual findings for clear error.[3]

■ The affidavit requesting the wiretap warrant is extensive. It documents that the investigation of the drug conspiracy had been unable to identify the conspiracy's scope or Spears' or Hodge's role in it because of the necessity of access to oral communications. And it documents that other investigative methods were unlikely to uncover the information because of the risk of detection and violence.[4] This was sufficient to provide the necessary statement of why the wiretaps were necessary.[5] The government has provided specific factual allegations and a sufficient record to prove necessity, as shown by the *Franks* hearing.[6] Neither Spears nor Hodge presents evidence showing that the district court was clearly erroneous in its factual determinations. Spears "merely suggest[s], with the benefit of hindsight, alternative ways that the [government] could have pursued its investigation."[7] The district court did not abuse its discretion in finding necessity.

■ Spears and Branch argue that the district court erred by denying their motion in limine to exclude "other acts" evidence of the homicide of Anthony Branch, Jr. at the hands of co-conspirator McCoy. We review the district court's decision on a motion in limine for an abuse of discretion.[8] We review de novo the legal question of whether evidence falls under Federal Rule of Evidence 404(b).[9] The homicide evidence allowed the government to present a more coherent and comprehensible picture of the underlying conspiracy and the relationships among the principle co-conspirators, so it was inextricably intertwined with the conspiracy.[10] The district court did not abuse its discretion by admitting it.

■ Citing an alleged attempt by Spears to kill him, Branch argues that the district court erred in granting the government's motion to strike his offered defense of duress. We review de novo the district court's decision to preclude a defendant's line of defense.[11] Even if Branch was, as a result of the threat, actually under duress because of threats on his life, he became part of the drug conspiracy in 1996, over a year before any threat. As the threat was not sufficiently immediate for duress and

1. *United States v. Reyna,* 218 F.3d 1108, 1110 (9th Cir.2000).

2. *Id.*

3. *See United States v. Jordan,* 291 F.3d 1091, 1099 (9th Cir.2002).

4. *See* Branch E.R. at 601–53.

5. *See United States v. Carneiro,* 861 F.2d 1171, 1178–81 (9th Cir.1988).

6. Spears E.R. at 367–84.

7. *Carneiro,* 861 F.2d at 1178.

8. *United States v. Ross,* 206 F.3d 896, 898 (9th Cir.2000).

9. *United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002).

10. *Id.*

11. *United States v. Moreno,* 102 F.3d 994, 997 (9th Cir.1996).

given Branch's reasonable opportunity to escape the threat, it was not error to exclude it.[12]

■ Branch argues that the district court should have dismissed the indictment because of a pre-indictment conversation between himself and a police officer outside of his lawyer's presence. Alternatively, he argues his statements to police at that meeting should be suppressed. Viewing the evidence in a light most favorable to the government, we review de novo whether the government engaged in misconduct rising to the level of a due process violation.[13] There is no evidence that the AUSA had prior knowledge of the agent's intention to contact Branch. Whether or not the Sixth Amendment right to counsel had attached, plaintiff has not shown that the contact at issue prejudiced him in any way.[14] In the absence of a constitutional violation dismissing an indictment is unwarranted, as is suppressing the evidence.[15]

Branch argues that his statements to police and the wiretap evidence against him are fruits of an illegal search and the district court erred in not suppressing them. We review de novo the denial of a motion to suppress.[16] Following the illegal search, Branch retained counsel and obtained counsel's advice with respect to the legality of the searches. Branch also considered cooperating with the government and explored a cooperation agreement.

These two intervening events make the relationship of the search to the subsequent statements to police sufficiently attenuated that the statements need not be excluded.[17] The wiretap would have gone forward without Branch's evidence, so the wiretap evidence would have been inevitably discovered.

■ Finally, Hodge and Branch argue that the district court made an *Apprendi* error in their sentence because the indictment specified no drug quantity. We assume for purposes of this decision that the government's failure to allege a drug quantity in the indictment, except in the overt acts, creates an *Apprendi* error,[18] but we may only grant relief if the error is not harmless.[19] Where the district court sentences a defendant to less than the maximum sentence for a crime any *Apprendi* error is harmless.[20] Hodge received less than the maximum sentence and concedes that we may not grant relief for any *Apprendi* error in her sentence.[21] Although Branch was sentenced to the maximum term, his *Apprendi* error is harmless because the drug quantity was set out as an overt act of the conspiracy, and the jury determined quantity beyond a reasonable doubt on the verdict form.

AFFIRMED.

---

12. *Id.*

13. *United States v. Emmert,* 829 F.2d 805, 810 (9th Cir.1987).

14. *See United States v. Irwin,* 612 F.2d 1182, 1186–87 (9th Cir.1980).

15. *See United States v. Harrison,* 213 F.3d 1206, 1215 n. 6 (9th Cir.2000).

16. *United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002).

17. *See United States v. Smith,* 155 F.3d 1051, 1061–62 (9th Cir.1998).

18. *United States v. Buckland,* 277 F.3d 1173, 1182 (9th Cir.2001) (en banc).

19. *United States v. Jordan,* 291 F.3d 1091, 1097 (9th Cir.2002).

20. *United States v. Velasco–Heredia,* 319 F.3d 1080, 1085–86 (9th Cir.2003).

21. *See* Hodge Reply Brief at 1, n. 1.