**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ADOLPH SPEARS, SR., AKA
Pops,
*Defendant-Appellant.*

No. 13-30253

D.C. No.
3:98-cr-00208-HA-22

OPINION

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted October 13, 2015
Portland, Oregon

Filed June 2, 2016

Before: A. Wallace Tashima, Ronald Lee Gilman[*],
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea;
Dissent by Judge Tashima

---

[*] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**SUMMARY**[**]

---

### Criminal Law

The panel affirmed the district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) on the basis of Sentencing Guidelines Amendment 750, which raised the quantity thresholds for certain offenses involving crack cocaine.

When the defendant was sentenced to life imprisonment in a conspiracy case in 2001, the maximum base offense level of 38 was triggered for a crack cocaine offense if the conduct involved at least 1.5 kilograms of the drug. Pursuant to Amendment 750, made retroactive by the Sentencing Commission, the threshold was increased to 8.4 kilograms.

The panel held that the district court lacked jurisdiction to modify the defendant's sentence because the amended Guidelines table would still yield a Guidelines range of life imprisonment where, at sentencing in 2001, the district court found that 11 kilograms of powder cocaine, which was to be cooked into crack cocaine, was part of the defendant's relevant conduct.

The panel held that a motion to modify a sentence under § 3582(c)(2) was not a proper vehicle for arguing that the district court failed to comply with Fed. R. Crim. P. 32(c) by not responding to each of the defendant's objections to the presentence report at sentencing in 2001.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that Guidelines Amendment 782, which further raised the crack cocaine quantity thresholds, did not provide a basis for reversing the denial of the defendant's motion to modify his sentence. Amendment 782 went into effect in November 2014, after the district court's denied the defendant's motion in 2013. The panel stated that the defendant would need to file a new motion under § 3582(c)(2) in order to benefit from Amendment 782.

Dissenting, Judge Tashima wrote that the district court had jurisdiction to consider the defendant's motion on the merits because he was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. Judge Tashima also wrote that even under the majority's approach, the sentencing court did not make any specific finding that the defendant's offense conduct involved at least 8.4 kilograms of crack cocaine. Judge Tashima would reverse and remand for the district court to exercise its discretion as to whether the defendant's sentence should be reduced.

---

### COUNSEL

Michael R. Levine (argued) and Matthew G. McHenry, Levine & McHenry LLC, Portland, Oregon, for Defendant-Appellant.

Scott E. Bradford (argued), Assistant United States Attorney, and Kelly A. Zusman, Appellate Chief, United States Attorney's Office, Portland, Oregon, for Plaintiff-Appellee.

## OPINION

BEA, Circuit Judge:

This appeal challenges a district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2). Appellant Adolph Spears, Sr. was convicted of various crimes in 2001 based on his involvement in a cocaine trafficking conspiracy. The court sentenced him to life imprisonment. In 2013, Spears filed the instant motion seeking a reduction of his sentence. His argument was based on an amendment to the U.S. Sentencing Guidelines that increased the quantity thresholds for crack cocaine offenses. In some cases, the amendment would have the effect of yielding a more lenient sentence for offense conduct involving a given quantity of crack cocaine. The district court concluded that it lacked jurisdiction to modify Spears' sentence because the amended Guidelines table would still yield a Guidelines range of life imprisonment. It denied Spears' motion. For the reasons stated below, we agree that the court lacked jurisdiction to modify Spears' sentence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial

Spears and several co-defendants were charged with conspiring to manufacture, distribute, and possess with intent to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with other crimes. Count 1 of the eighth superseding indictment charged certain of Spears' co-conspirators with driving loads of powder cocaine from California to Portland, Oregon, where it was manufactured into crack cocaine and distributed. Among

other vehicles, the co-conspirators allegedly used on multiple occasions a Cadillac Eldorado with hidden compartments to transport the cocaine. According to the indictment, one of these trips occurred in November 1997, when some of Spears' co-conspirators arranged for approximately 11 kilograms of powder cocaine to be driven from Fresno, California to Portland. Count 1 charged Spears with possessing this particular shipment of cocaine jointly with several co-defendants. The case was tried to a jury before Judge Ancer L. Haggerty. On December 7, 2000, the jury returned a guilty verdict on Count 1, and on other counts not relevant to this appeal.

## B. Sentencing

The Presentence Report ("PSR") stated that the conspiracy involved transporting multi-kilogram loads of powder cocaine from California to the Portland area. Once the cocaine arrived in Portland, various members of the conspiracy "cooked" it into crack cocaine.[1] According to the PSR, one kilogram of powder cocaine yielded a slightly greater quantity of crack cocaine. The PSR described several overt acts of the conspiracy, including transportation of the 11-kilogram load of powder cocaine in November 1997. The PSR attributed ownership of the 11-kilogram load to Spears and two other co-conspirators.

In calculating Spears' base offense level, the PSR stated that Spears' relevant offense conduct included "more than 1.5 kilograms of [crack] cocaine." This statement reflected the drug quantity table in effect at the time of Spears' sentencing.

---

[1] Crack cocaine is a type of cocaine base. Powder cocaine is not. *Kimbrough v. United States*, 552 U.S. 85, 94 (2007).

The table assigns a base offense level based on the identity and quantity of drugs involved in the offense. The maximum base offense level provided for is level 38. At the time of Spears' sentencing, offense level 38 was triggered by 1.5 kilograms or more of crack cocaine. U.S. Sentencing Guidelines Manual § 2D1.1(c) (2000). The PSR added 2 levels because the conspiracy involved dangerous weapons, and it added 4 levels because Spears acted as a leader in the conspiracy. Thus, the PSR calculated a total offense level of 44.

The PSR calculated a criminal history category of IV. Category IV, combined with offense level 44, yielded a Guidelines "range" of life imprisonment.

Spears objected to several portions of the PSR in a letter to the U.S. Probation Office. As is relevant here, Spears objected to the PSR's determination that his conduct involved more than 1.5 kilograms of crack cocaine. According to the letter, "[t]here is no evidence that Mr. Spears ever possessed or distributed [crack] cocaine." Spears objected to the PSR's statement that the 11-kilogram load of powder cocaine in the Cadillac belonged to him. He argued that his offense level calculation should be based on only a particular series of transactions in which Spears bought a total of 5 to 15 kilograms of powder cocaine from two other co-conspirators. Spears did not dispute the PSR's assertion that one kilogram of powder cocaine yielded a slightly greater quantity of crack cocaine.

Judge Haggerty held a sentencing hearing on May 7, 2001. Spears' attorney argued that Spears was not responsible for any quantity of crack cocaine. The attorney argued that the trial evidence did not establish that Spears was involved

in cooking powder cocaine into crack cocaine. Furthermore, he argued that Spears was not involved in trafficking cocaine from Fresno to Portland, and that Spears had no connection to the 11-kilogram load of powder cocaine in the Cadillac. The court rejected these arguments. Judge Haggerty said "[a]s to the objections by [Spears' counsel], I think I have to resolve all of those against you." The court found that "overwhelming evidence" supported the assertion that Spears' relevant offense conduct in the conspiracy involved "manufactur[ing] in excess of one and a half kilograms of crack cocaine." Consistent with the PSR, the court calculated a base offense level of 38. It also adopted the deadly weapon and leadership enhancements, and criminal history category IV. As to Count 1, the court sentenced Spears to life imprisonment.

The court issued a written Findings of Fact order on May 14, 2001. The order specifically addressed counsel's objection to the PSR's ultimate conclusion that Spears' relevant conduct included more than 1.5 kilograms of crack cocaine. The court answered the objection by stating that "[t]he court finds that the trial evidence showed that the defendant had an interest in the 11 kilos of cocaine that was charged in Count 1." Furthermore, the court also found "that all other uncontroverted facts contained in the Presentence Report" were "true and accurate." Finally, the court wrote that "[o]ther than those paragraphs previously amended, clarified or adjusted; or upon which no finding is necessary; the court adopts the presentence report . . . as its own findings and conclusions."

Spears appealed his conviction in an earlier proceeding. We affirmed. *United States v. Spears*, 60 F. App'x 671 (9th Cir. 2003).

## C.  Motion to Reduce Sentence

Amendment 750 to the Sentencing Guidelines raised the quantity thresholds for certain offenses involving crack cocaine. U.S.S.G. app. C, amd. 750 (2011). The Sentencing Commission made this amendment retroactive in 2011. *Id.* amd. 759. Under the amended drug quantity table in the 2012 Sentencing Guidelines, the maximum base offense level of 38 is triggered for crack cocaine offenses only if the conduct involves at least 8.4 kilograms of the drug. U.S.S.G. § 2D1.1(c) (2012). This represents a significant increase from the 1.5 kilogram threshold that applied at the time of Spears' sentencing. Under the 2012 Guidelines, if the offense conduct involved at least 840 grams but less than 2.8 kilograms of crack cocaine, then the base offense level is 34. *Id.*

In March 2013, Spears filed a Motion to Reduce Sentence in light of the reductions and pursuant to a provision of the Fair Sentencing Act, 18 U.S.C. § 3582(c)(2). He argued that in 2001 the court did not find that his conduct involved any specific amount of crack cocaine greater than 1.5 kilograms. Under the amended 2012 drug quantity table, 1.5 kilograms of crack cocaine would lead to a base offense level of 34. This would lead to an adjusted offense level of 40, after adding 6 levels for Spears' leadership role and the use of a deadly weapon. Level 40 combined with criminal history category IV yields a Guidelines range of 30 years to life. Spears requested that his sentence be reduced from life imprisonment to 30 years.

Judge Haggerty denied Spears' motion for reduction in September 2013. He concluded that the court lacked jurisdiction to modify Spears' sentence under § 3582(c)(2). Section 3582(c)(2) permits a district court to reduce a

sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Sentencing Guidelines section 1B1.10 provides that a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."

Judge Haggerty concluded that Amendment 750 did not "have the effect of lowering" Spears' applicable Guidelines range. He wrote that during the sentencing proceedings in 2001, the "court found that 11 kilograms of cocaine is part of defendant's relevant conduct, and those 11 kilograms of cocaine would be used to make crack." Since the 2012 amended drug quantity table provides for a base offense level of 38 for conduct involving 8.4 kilograms or more of crack cocaine, Spears would still be subject to a base offense level of 38, total offense level of 44, and criminal history category IV. This yields the same Guidelines "range" of life imprisonment.

Spears timely appealed.

## II. STANDARD OF REVIEW

We review *de novo* whether a district court has jurisdiction to modify a sentence under 18 U.S.C. § 3582(c)(2). *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (citing *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000)).

## III. DISCUSSION

Spears argues that the district court erred in holding that it lacked jurisdiction to modify Spears' sentence under

§ 3582(c)(2). He argues that the court's findings in 2001 regarding drug quantity are limited to its statement at the sentencing hearing that Spears' relevant conduct involved "in excess of one and a half kilograms of crack cocaine." He argues that the court's discussion of the 11-kilogram Cadillac load in 2001 does not preclude a sentence modification under § 3582(c)(2) because the Cadillac contained only powder cocaine, rather than crack cocaine.

Next, Spears argues that the district court violated Federal Rule of Criminal Procedure 32(c) at sentencing in 2001 by not responding to each of Spears' objections to the PSR in the court's Findings of Fact. He argues that since the court did not explicitly resolve all of Spears' objections to the PSR in 2001, the court should not have relied on those findings in 2013.

Finally, in a Rule 28(j) letter filed with this court shortly before oral argument, Spears argues that Amendment 782 to the Sentencing Guidelines requires us to reverse the district court's denial of the motion and remand for further proceedings.

We address each of these arguments in turn.

**A. The district court correctly concluded that it lacked jurisdiction to modify Spears' sentence in 2013.**

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). Section 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has been subsequently

lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The primary "applicable policy statement" is U.S.S.G. § 1B1.10. *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013). The policy statement prohibits a sentence reduction in cases where the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The policy statement requires district courts to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1).

Spears emphasizes that at the sentencing hearing in 2001 the district court stated that the "conspiracy manufactured in excess of one and a half kilograms of crack cocaine." As a preliminary matter, we consider whether this statement necessarily means that the sentencing court did not make other findings as to crack cocaine quantity that could later preclude the applicability of § 3582(c)(2). We hold that it does not.

We are persuaded by *United States v. Hernandez*, 645 F.3d 709 (5th Cir. 2011). In *Hernandez*, as here, a sentencing court determined that "the quantity of drugs far exceeds the 1.5 kilograms needed" to trigger the maximum offense level threshold. *Id.* at 710. The sentencing court also found that "[b]ased on the most conservative estimate, [the defendant] is responsible for 32.5 kg of [crack] cocaine." *Id.* Years later, the Sentencing Commission retroactively raised the 1.5 kilogram quantity threshold to 4.5 kilograms. *Id.* at

711. The defendant filed a motion under 18 U.S.C. § 3582(c)(2). *Id.* at 711. He argued that "the clearest finding as to the quantity of drugs attributed to [him] is '1.5 kilograms' of crack cocaine." The § 3582 court rejected this argument and denied the motion based on the sentencing court's "conservative estimate" of 32.5 kilograms, a quantity which still triggered the maximum offense level under the amended Guidelines. *Id.* The Fifth Circuit agreed that it was permissible to deny the motion based on the 32.5 kilogram figure and affirmed the district court. *Id.* at 712. *See also United States v. Battle*, 706 F.3d 1313, 1319 (10th Cir. 2013) ("[A] district court's prior attribution of 'at least' 1.5 kilograms of crack (or similar language) to a defendant does not bind that court to a finding of exactly 1.5 kilograms in a subsequent § 3582(c)(2) proceeding.").

Spears argues in this case that the court's reference in 2001 to 1.5 kilograms is the only clear finding as to drug quantity and that the record is "ambiguous at best" as to other quantity findings. We disagree. As explained below, it is clear from the sentencing record that the court attributed at least 11 kilograms of crack cocaine to Spears based on the Cadillac load.

Spears' position at the sentencing hearing was that he was not responsible for any quantity of crack cocaine. He denied any involvement with cooking powder cocaine into crack cocaine, and he denied any involvement with the Cadillac load. Spears' position was contrary to the PSR. It was also contrary to Count 1 of the indictment, on which he was convicted and which charged that he was involved in a conspiracy to traffic powder cocaine from California to Oregon for processing into crack cocaine. Spears asked the court to sentence him based only on a series of transactions

in which he sold 5 to 15 kilograms of *powder* cocaine to two of his co-conspirators.[2] Following this approach would have required the district court to reject the PSR's finding that his offense conduct involved more than 1.5 kilograms of *crack* cocaine.

The court recognized that Spears could not avoid responsibility for at least 1.5 kilograms of crack cocaine if he were involved with the Cadillac load. It made the following statement to Spears' counsel at the sentencing hearing:

> THE COURT: With respect to the one-and-a-half kilos of crack, your argument is based solely on the premise that Mr. Spears should not be associated with the 11 kilos of cocaine seized from the Cadillac, because if he's associated with those 11 kilos, then, in fact, he's associated with that conspiracy. And there's substantial evidence that that conspiracy engaged in the manufacturing of crack cocaine from powder cocaine, is that correct?

Spears' counsel answered affirmatively. He said, "So, I think yes. In order to establish that Mr. Spears was involved in 1.5 kilograms of crack cocaine, you have to find, by a preponderance of the evidence, that he had an interest in that Cadillac load of cocaine." This exchange would be nonsensical if the conspiracy did not involve cooking the 11 kilograms of powder cocaine into crack cocaine.

---

[2] Powder cocaine is treated differently – and less harshly – under the Sentencing Guidelines. *See Dillon v. United States*, 560 U.S. 817, 821 (2010).

In the Findings of Fact order, the court revisited Spears' objection to the PSR's conclusion that he was responsible for more than 1.5 kilograms of crack cocaine. In a one-sentence response to this objection, the order stated "[t]he court finds that the trial evidence showed that the defendant had an interest in the 11 kilos of cocaine that was charged in Count 1." Spears now emphasizes the fact that the order did not state that the 11 kilograms would be cooked into crack cocaine. However, here too it would be nonsensical to conclude that the sentencing court found otherwise. If the 11 kilograms were *not* to be cooked into crack, then Spears' responsibility for the *powder* cocaine in the Cadillac would not have provided any basis for rejecting Spears' challenge to the PSR's 1.5 kilogram *crack* cocaine finding. Furthermore, it is inexplicable why the court would have made any finding involving powder cocaine if the cocaine was not to be cooked into crack. After all, Spears was sentenced based on the drug quantity thresholds for *crack* cocaine only, not powder cocaine. Powder cocaine would be irrelevant to the court's calculation of Spears' offense level unless it was going to be cooked into crack cocaine. We decline to reinterpret the Findings of Fact order in a way that would make its findings irrelevant to Spears' sentencing.

Notwithstanding the foregoing, Spears argues that two opinions from our sister circuits require us to reverse the court's denial and remand for further proceedings. We are not persuaded.

First Spears points to *United States v. Hamilton*, 715 F.3d 328 (11th Cir. 2013). In *Hamilton*, a defendant twice moved for a sentence modification based on the lowered offense levels for crack cocaine offenses. The district court denied both motions. *Id.* at 336. In denying them, the district court

relied on responsive memoranda filed by the Probation Office and by the government. *Id.* at 335–36. These memoranda contained factual inaccuracies about the defendant's original sentencing. They stated that the initial PSR found that the defendant was responsible for at least 12 kilograms of crack cocaine. *Id.* at 336. The memoranda failed to account for an addendum to the original PSR, which made it less clear whether the defendant was responsible for 12 kilograms. *Id.* at 335. Since the memoranda were factually inaccurate, and the district court relied on those memoranda in denying the motions, the Eleventh Circuit remanded with instructions to "determine what drug quantity findings [the sentencing court] made, either explicitly or implicitly, at Hamilton's original sentencing hearing." *Id.* at 340. *Hamilton* is inapposite to this appeal because the district court here did not rely on factual inaccuracies when it denied Spears' motion.

Spears also points to *United States v. Hall*, 582 F.3d 816 (7th Cir. 2009). In *Hall*, a defendant pleaded guilty to a conspiracy to possess with intent to distribute over 50 grams of crack cocaine and more than 5 kilograms of a mixture containing cocaine. *Id.* at 817. He acknowledged in a plea agreement that the conspiracy involved more than 1.5 kilograms of crack cocaine. After amendments to the Guidelines, the defendant sought a sentence modification under 18 U.S.C. § 3582(c)(2). *Id.* at 818. The district court denied the motion because, after reviewing the admissions in the plea agreement, it concluded that the defendant was responsible for crack cocaine totaling "23 to 43 kilograms," which meant that he would not receive a lower sentencing range under the amended Guidelines. *Id.* The Seventh Circuit remanded because the admission the district court relied on stated that "defendant sold 1 to 2 kilograms of powder *and* crack cocaine every month" for a two-year period. *Id*.

(emphasis added). Thus, the key admission in the defendant's plea agreement was imprecise as to the amount of crack cocaine involved in the conspiracy. "[T]he district court ignored an ambiguity in the facts and misapprehended the content of Hall's plea admissions." *Id*.

*Hall*, like *Hamilton*, is inapposite here. The district court in this case did not misapprehend the record when it denied Spears' motion. It was correct in finding that the sentencing court attributed the Cadillac load to Spears.

In sum, the sentencing record makes it clear that the court attributed to Spears 11 kilograms of powder cocaine that were to be cooked into crack cocaine. The sentencing court also adopted the PSR's uncontroverted assertion that one kilogram of powder cocaine yielded a slightly greater quantity of crack cocaine. This combination of facts supports the conclusion that Spears had an interest in crack cocaine weighing at least 11 kilograms.

The dissent disputes this conclusion on the ground that the PSR stated at one point that the conspiracy converted "most" of its powder cocaine into crack cocaine. (Dissenting Op. 23–24.) This statement, according to the dissent, undermines the conclusion that all 11 kilograms of powder cocaine in the Cadillac were in fact cooked into crack, with the result that there exists no assurance that Spears was responsible for such an amount of crack cocaine. *See id.*

But the statement to which the dissent refers was a statement about the conspiracy in general. As described by the PSR, the entire conspiracy involved years of cocaine trafficking orchestrated by dozens of co-conspirators. The conspiracy, as a whole, "converted most of its powder

cocaine into 'crack.'" This statement from the PSR does not address the specific, 11-kilogram load of powder cocaine in the Cadillac.

And with respect to that particular load, Spears' attorney conceded after trial that if the court found "that Mr. Spears had an interest in the cocaine that was in the Cadillac, then it would be—certainly, [the court] could conclude that that cocaine was then being delivered to one of the houses . . . where it was cooked into crack cocaine." The evidence before the sentencing court accordingly established that all 11 kilograms of powder cocaine in the Cadillac were in fact "cooked into crack," without any qualification about "most" of the amount being converted.

As a result, the district court was correct to find that Spears was responsible for more than 8.4 kilograms of crack cocaine. Spears' applicable Guidelines range under the drug quantity table, as modified by Amendment 750, would therefore be the same as the Guidelines range before the amendment. This means that Amendment 750 did not "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Modifying Spears' sentence under these circumstances would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It follows that the district court did not have jurisdiction under § 3582(c)(2) to modify Spears' sentence.

## B. The district court did not err when it relied on factual findings from the 2001 sentencing hearing.

Spears argues that the court violated Federal Rule of Criminal Procedure 32(c) at sentencing in 2001 by not

responding to each of Spears' objections to the PSR in the court's Statement of Reasons.

At the time of Spears' sentencing, Rule 32(c) provided that a sentencing court "must rule on any unresolved objections to the presentence report," and "must make either a finding on the allegation or a determination that no finding is necessary" for "each matter controverted." *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir. 2000)).**[3]** Spears cites authority for the proposition that Rule 32(c) requires "strict compliance" from sentencing courts. *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013) (referencing Rule 32(i)(3)(B)). He argues that because "[t]he court's findings at the original sentencing were insufficient to comport with Rule 32, . . . any reliance on them here is misplaced." He relies on the sentencing court's Statement of Reasons, which did not explicitly state that the 11 kilograms in the Cadillac would be cooked into crack cocaine.

Spears' argument is essentially that the 2001 court did not adequately address Spears' specific PSR objections point-by-point at the hearing or in the Statement of Reasons. This argument fails because a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is an improper vehicle to attack a sentence for non-compliance with the Rules of Criminal Procedure. "Section 3582(c)(2)'s text, together with its

---

**[3]** Rule 32(c) has been amended. In its current form, Rule 32(c) does not support Spears' argument. However, current Rule 32(i)(3)(B) is closely analogous to the old Rule 32(c). It provides that "[a]t sentencing, the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . ." FED. R. CRIM. P. 32(i)(3)(B) (2014).

narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010); *see also United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir. 2011) ("[A] court's authority in a sentence-reduction proceeding is strictly limited to shortening the length of a prison term and does not extend to collateral matters unrelated to the Guidelines change.") (quoting *United States v. Dunn*, 631 F.3d 1291, 1293 (D.C. Cir. 2011)). Spears cites no authority for his contrary assertion that the 2013 court should have ignored factual findings in the 2001 sentencing proceeding because of a possible Rule 32 violation. Accordingly, it was proper for the district court to rely on those findings.

## C. Amendment 782 does not provide a basis for reversing the court's denial of Spears' motion.

Shortly before oral argument in this case, Spears filed a Rule 28(j) letter with this court asking us to reverse and remand the court's denial in light of Amendment 782 to the Sentencing Guidelines. Amendment 782 further raised the crack cocaine quantity thresholds in the drug quantity table. *Compare* U.S.S.G. § 2D1.1(c) (2012), *with* U.S.S.G. § 2D1.1(c) (2014). We decline to reverse the district court on this basis because Amendment 782 went into effect in November 2014 – after the district court denied Spears' motion in 2013 based on the pre-Amendment 782 drug quantity table. If Spears wishes to seek a sentence modification based on Amendment 782, he may do so by filing such a motion in district court. *See United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) ("But for Taylor to benefit from this amendment, he would need to file a new motion under § 3582(c)(2) in the district court based on

Amendment 782."). We express no view as to whether Spears may be eligible for a sentence modification based on Amendment 782.

## IV. CONCLUSION

The district court lacked jurisdiction to modify Spears' sentence under § 3582(c)(2) because the sentencing court attributed to him at least 11 kilograms of crack cocaine. Accordingly, Amendment 750 did not have the effect of lowering Spears' Guidelines range. We reject Spears' other arguments.

**AFFIRMED.**

TASHIMA, Circuit Judge, dissenting:

Under 18 U.S.C. § 3582(c)(2), a district court has jurisdiction to reduce a defendant's sentence if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The majority, however, goes beyond the statutory language to find, based on its examination of the record of Spears' prior sentencing proceeding, that Spears is ineligible for (*i.e.*, that the district court lacks jurisdiction to consider) a sentence reduction. The majority conflates the jurisdictional analysis with an analysis of the merits of Spears' motion. Because this is the wrong analysis, I respectfully dissent.

In 2001, the sentencing court found that Spears had committed an offense involving at least 1.5 kilograms of

crack cocaine. At that time, this quantity corresponded to a base offense level of 38 in the Drug Quantity Table of the Sentencing Guidelines. U.S.S.G. § 2D1.1(c) (2000). The court found that Spears' base offense level should be enhanced by 6 points, resulting in a total offense level of 44 and a corresponding sentencing range of life imprisonment.

Amendment 750 to the Sentencing Guidelines revised the Drug Quantity Table, reducing offenses involving at least 1.5 kilograms of crack cocaine to correspond to a base offense level of 34. U.S.S.G. § 2D1.1(c) (2012). This change would decrease Spears' total offense level to 40, and his sentencing range to 360 months' to life imprisonment. Under the revised Guidelines, a base offense level of 38 requires a finding that the offense involved at least 8.4 kilograms of crack cocaine. Thus, under 18 U.S.C. § 3582(c)(2), Spears was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. Therefore, under § 3582(a)(2), the district court had jurisdiction to consider on the merits Spears' motion to modify his term of imprisonment.

The majority does not make this straightforward statutory analysis. Instead, it considers whether the record from the 2001 sentencing could support a finding that Spears was responsible for at least 8.4 kilograms of crack cocaine. But the statute does not call for such an inquiry into the prior sentencing record to establish a sentencing judge's jurisdiction to reconsider a defendant's sentence.

The case law on which the majority relies does not support its approach. In *United States v. Hernandez*, 645 F.3d 709 (5th Cir. 2011), the district court denied the defendant's § 3582(c)(2) motion based on the sentencing

court's previous finding that the defendant was responsible for 32.5 kilograms of crack cocaine, which was "far beyond the 4.5 kg threshold needed for the highest offense level" under the Sentencing Guidelines. *Id.* at 712. But the district court did not decide that the factual findings in the sentencing record deprived it of jurisdiction to consider the defendant's motion on the merits. Rather, the district court exercised its discretion to decline to modify the defendant's sentence.[1] *See id.* ("[W]e hold that the district court did *not abuse its discretion* in refusing to modify Hernandez's sentence or in refusing to grant an evidentiary hearing to decide the amount of crack for which Hernandez was responsible." (emphasis added)).[2]

Likewise, in *United States v. Battle*, 706 F.3d 1313 (10th Cir. 2013), the second case the majority cites in support of its position, the Tenth Circuit reviewed a district court's decision to grant in part and deny in part a defendant's § 3582(c)(2) motion *on its merits*. *See id.* at 1314. Thus, this case also

---

[1] The procedural history of Hernandez's appeal illustrates that the district court denied his § 3582(c)(2) motion on the merits, and not based on a lack of jurisdiction. After the district court denied Hernandez's § 3582(c)(2) motion, Hernandez appealed the denial of his motion to the Fifth Circuit and simultaneously filed a motion for reconsideration in the district court. *Id.* at 711. The district court determined that it lacked jurisdiction to consider Hernandez's motion for reconsideration "because Hernandez moved for reconsideration after taking appeal to [the Fifth Circuit], and thus potentially deprived the district court of its jurisdiction." *Id.* at 711 n.1. The Fifth Circuit declined to review this jurisdictional ruling because the *merits* of Hernandez's motion were "properly before [the court] on the defendant's timely appeal" from the denial of his § 3582(c)(2) motion. *Id.*

[2] Review of a sentencing decision for "abuse of discretion" is, of course, review of the merits; not a review of jurisdiction.

does not support the proposition that a district court must review the sentencing record to determine whether it has jurisdiction to consider a defendant's § 3582(c)(2) motion.

Furthermore, even assuming the correctness of the majority's approach – that a district court must review a sentencing court's factual findings to determine whether it has jurisdiction to consider a defendant's § 3582(c)(2) motion – the sentencing court did not make any specific finding that Spears' offense conduct involved at least 8.4 kilograms of crack cocaine, the minimum quantity required for application of the newly-amended base offense level of 38.

The sentencing court did find that Spears had an interest in 11 kilograms of powder cocaine involved in the conspiracy. The court also acknowledged that the conspiracy involved cooking powder cocaine into crack cocaine. *See* Maj. Op. 13. Based on these facts, the court found that Spears was responsible for some amount of crack cocaine in excess of 1.5 kilograms. But the sentencing court did not find, contrary to what the majority implies, that *all* of the 11 kilograms of powder cocaine with which Spears was associated were cooked into crack cocaine. In fact, the Presentence Report[3] stated that the conspiracy with which Spears was involved converted *most* of its powder cocaine into crack cocaine.[4] But what is "most" of 11 kilograms?

---

[3] As the majority notes, the sentencing court adopted the Presentence Report "as its own findings," excluding the paragraphs upon which no finding was necessary. Maj. Op. 7.

[4] The majority quibbles that this statement "was a statement about the conspiracy in general." Maj. Op. at 16. But the Cadillac-load of cocaine to which this statement refers is the very same cocaine which is at the heart of the drug quantity issue. Moreover, this statement is never

The sentencing court did not answer that question, because it was unnecessary to the sentence the court imposed.[5] The only necessary quantity finding, given the structure of the Guidelines at the time, was the court's finding that at least 1.5 kilograms of crack cocaine were involved. Thus, the sentencing court's factual findings did not definitively link Spears with 8.4 kilograms of cocaine base.

In sum, under a straightforward statutory analysis, the district court had jurisdiction under 18 U.S.C. § 3582(c)(2) to modify Spears' sentence.[6] Consequently, I would reverse and remand for the district court to exercise its discretion as to whether Spears' sentence should be reduced. I, therefore, respectfully dissent.

---

contradicted or cast in doubt later in the Presentence Report. To reiterate, the only quantity finding made by the Presentence Report, which was adopted by the sentencing judge, *see* footnote 3, *supra*, is that: "In this case Spears' relevant conduct includes more than 1.5 kilograms of cocaine base, resulting in a base offense level of 38." PSR, ¶ 84.

[5] Neither did Spears' counsel. Although he acknowledged, as the majority points out, Maj. Op. at 17, that the Cadillac-load of cocaine "was cooked into crack cocaine," he does not address how much of it was cooked into crack; thus, his argument at sentencing does not contradict the Presentence Report that "most of [the] powder cocaine was [converted] into 'crack'."

[6] Whether the sentencing court should exercise its discretion under § 3582(c)(2) to reduce Spears' sentence is an entirely different question.