**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30047 |
| Plaintiff-Appellee, | D.C. No. 3:98-cr-00398-MA |
| v. | |
| ERNEST JOHNSON, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted March 10, 2017[**]
Portland, Oregon

Before: LEAVY and FRIEDLAND, Circuit Judges, and BENITEZ,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Ernest Johnson, Jr., appeals from the district court's judgment and order denying his 18 U.S.C. § 3582(c)(2) motion for modification of sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *United States v. Spears*, 824 F.3d 908, 912 (9th Cir. 2016), and we affirm.

In 1999, judgment was entered against Johnson on charges of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (Count 1); unlawful possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Johnson was sentenced to 300 months on Counts 1 and 3, to run concurrently. The district court imposed a mandatory 60-month consecutive sentence on the section 924(c) conviction (Count 2), for a total imprisonment term of 360 months.

Johnson contends that the district court erred by rejecting his argument that the enhancement of his sentence, once for armed bank robbery, and again for possession of a firearm in connection with a crime of violence, constituted impermissible "double counting" in contravention of retroactive Guideline Amendment 599 of the United States Sentencing Guidelines.

Johnson's contention fails because the district court properly concluded that Amendment 599 is inapplicable to the guideline under which Johnson was

16-30047

sentenced as an armed career criminal, U.S.S.G.§ 4B1.4. Johnson does not challenge his qualification as an armed career criminal and a career offender. Amendment 599 modified a separate guideline, U.S.S.G. § 2K2.4, and clarified the circumstances under which a court may enhance a sentence when the defendant also has a § 924(c) firearms offense. *See* U.S.S.G. Suppl. to App. C, Amend. 599, 69-70 (2000); *see also United States v. Archdale*, 229 F.3d 861, 869 (9th Cir. 2000) (noting that "the Sentencing Commission plainly understands the concept of double counting and expressly forbids it where it is not intended" (internal quotation marks and citation omitted)).

**AFFIRMED.**