UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>JIMMY LEE THORNTON,<br><br>Defendant - Appellee. | No. 13-10080<br><br>D.C. No. 4:09-cr-00745-DLJ-1<br>Northern District of California,<br>Oakland<br><br><br>ORDER |

Before: THOMAS, Chief Judge, and FISHER and BERZON, Circuit Judges.

The disposition filed on December 27, 2016 is WITHDRAWN and replaced by the superseding disposition filed concurrently with this order.

With that substitution, the panel has voted to deny the petition for rehearing. Chief Judge Thomas and Judge Berzon vote to deny the petition for rehearing en banc, and Judge Fisher so recommends.

The full court was advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. Appellee's petition for panel rehearing and petition for rehearing en banc are DENIED.

FILED

JUN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10080 |
| Plaintiff - Appellant, | D.C. No. 4:09-cr-00745 DLJ-1 |
| v. | MEMORANDUM[*] |
| JIMMY LEE THORNTON, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Argued and Submitted March 13, 2014
San Francisco, California

Before: THOMAS, Chief Judge, and FISHER and BERZON, Circuit Judges.

The United States appeals from the district court's order reducing the prison

sentence of defendant-appellee Jimmy Lee Thornton pursuant to 18 U.S.C. §

3582(c)(2). We ordered supplemental briefing regarding whether our en banc

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

opinion in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016), affected Thornton's case. We conclude that Thornton is ineligible for a sentence reduction even in light of *Davis*, and so reverse.

A defendant is generally eligible for a sentence reduction when he or she is sentenced "based on a sentencing range [under the United States Sentencing Guidelines] that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The parties agree that Thornton faced a mandatory minimum sentence of 60 months' imprisonment, that the calculated Guidelines range in Thornton's case was initially 46 to 57 months, and that subsequent amendments to the Guidelines would have lowered the calculated range to 30-37 months. The parties dispute only whether Thornton's sentence was actually "based on" the calculated range.

*Davis* adopted the reasoning of Justice Kennedy's plurality opinion in *Freeman v. United States*, 564 U.S. 522, 534 (2011), concluding that even when a sentence is determined by a Rule 11(c)(1)(C) agreement, that sentence is "likely" based on the Guidelines. *Davis* held that "a defendant should be eligible for a sentence reduction when *one* factor in a defendant's sentence was a 'since-rejected Guideline.'" 825 F.3d at 1027 (emphasis added) (quoting *Freeman*, 564 U.S. at 530).

2

Thornton's plea agreement expressly stated that his sentence "should be calculated pursuant to the Sentencing Guidelines," and recognized that a "sentence of imprisonment within the Guidelines range set forth [in the agreement]" was reasonable. We therefore conclude that the calculated Guidelines range was a factor in Thornton's sentence.

Thornton is nevertheless ineligible for a sentence reduction because the mandatory minimum sentence applicable to him displaced the calculated Guidelines range. Although the government concedes that it did not raise this argument before the district court, we have held that eligibility for a sentencing reduction under 18 U.S.C. § 3582(c)(2) is a jurisdictional question. *United States v. Spears*, 824 F.3d 908, 916 (9th Cir. 2016). We are therefore required to consider the question regardless of whether the parties raised it below.

The Guidelines state that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence *shall be* the guideline sentence." U.S.S.G. § 5G1.1(b) (emphasis added). The policy statement applicable at the time of Thornton's 2010 sentencing provides that a reduction is not appropriate when a mandatory minimum displaces a Guidelines range. *See* 18 U.S.C. § 3582(c)(2) (requiring that any reduction be "consistent with applicable policy statements issued by the

Sentencing Commission."). The relevant policy statement instructed that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*)." U.S.S.G. § 1B1.10(a) cmt. n.1 (emphasis added). Here, although Thornton's Guidelines range would normally have been 46 to 57 months, his 60-month mandatory minimum sentence displaced that range. Thornton is thus ineligible for a sentence reduction.

The circuits that have addressed this question have likewise concluded that where a mandatory minimum is higher than a calculated Guidelines range, and is binding on the district court, the mandatory minimum becomes the Guidelines sentence, and the defendant is ineligible for § 3582(c) relief. The Ninth Circuit also has so held, albeit in cases decided before *Freeman* and *Davis*. *See United States v. Jackson*, 577 F.3d 1032, 1035–36 (9th Cir. 2009) and *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *see also United States v. Joiner*, 727 F.3d 601, 606–08 (6th Cir. 2013); *United States v. Robinson,* 697 F.3d 443, 444 (7th Cir. 2012); *United States v. McClain*, 691 F.3d 774, 777–80 (6th Cir. 2012); *United States v. Glover,* 686 F.3d 1203, 1206–07 (11th Cir. 2012); *United States v.*

4

*Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

We hold that Thornton was ineligible for a sentence reduction because of the applicability of a statutory minimum in excess of his calculated Guidelines range. Accordingly, the district court's order granting Thornton's motion to reduce his sentence is **REVERSED**, and the reduced sentence is **VACATED**. We remand to the district court; on remand, the district court is to reinstate the original sentence of 96 months' imprisonment.