NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. TUSTUJI MATU WAKAUWN, Defendant-Appellant. | No.  16-30228 D.C. No. 2:12-cr-06060-EFS-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted October 5, 2017[**]
Seattle, Washington

Before:  LIPEZ,[***] WARDLAW, and OWENS, Circuit Judges.

Defendant Tustuji Matu Wakauwn appeals from the district court's order

denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kermit Victor Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Amendment 782 to the U.S. Sentencing Guidelines. As the parties are familiar with the facts, we do not recount them here. We reverse the district court's order and remand for further proceedings under § 3582(c)(2).

1. When the district court held that Mr. Wakauwn's sentence was "ineligible" for reduction because it was not "based on" the Guidelines, it denied Mr. Wakauwn's motion at step one of the two-step § 3582(c)(2) analysis, *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010), and thus indicated that it lacked jurisdiction to grant relief under that statute, *see United States v. Spears*, 824 F.3d 908, 916 (9th Cir. 2016). This court reviews such determinations de novo. *See United States v. Davis*, 825 F.3d 1014, 1019 & n.6 (9th Cir. 2016) (en banc).

2. The district court erred in holding that Mr. Wakauwn's sentence was ineligible for reduction because it was not "based on" the Guidelines, but rather on his Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and "factors other than the Guidelines." A sentence is eligible for reduction under § 3582(c)(2) if it was "based on" a Guidelines range that a retroactive amendment subsequently lowered. *Dillon*, 560 U.S. at 825–26. A sentence pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for reduction under § 3582(c)(2) when the district court's decision to accept the plea agreement and impose the recommended sentence was "based on" a subsequently lowered Guidelines range. *Davis*, 825

2

F.3d at 1026.

Here, the government does not dispute that retroactive Amendment 782 subsequently lowered the Guidelines range applicable to Mr. Wakauwn's conviction. And just as in *Davis*, the district court's decision to accept Mr. Wakauwn's Rule 11(c)(1)(C) plea agreement and impose the recommended sentence was "based on" the Guidelines range subsequently lowered by Amendment 782.

Several undisputed facts lead us to this conclusion. First, the Rule 11(c)(1)(C) plea agreement required the district court to "determine the Defendant's applicable sentencing guideline range at the time of sentencing." *Cf. Davis*, 825 F.3d at 1027. Second, the agreement stated that the amount of actual methamphetamine for which Mr. Wakauwn admitted direct responsibility would yield a base offense level of 26 under U.S.S.G. § 2D1.1. *Id*. Third, the agreement explained that Mr. Wakauwn qualified for a Guidelines reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. *Id*. Fourth, during the sentencing hearing, the district court calculated that Mr. Wakauwn's total offense level was 23 and that his Guidelines range was 92 to 115 months. *Id*. Then, reflecting on all the evidence presented, the court determined that the recommended sentence—which, at 100 months, fell within the calculated range—was "just." *Id*.

While it is true that the district court "focused primarily" on the non-

Guidelines 18 U.S.C. § 3553(a) factors in its statement of reasons and at Mr. Wakauwn's sentencing hearing, § 3553(a) mandates consideration of those factors. Moreover, nothing in the record indicates that, had the recommended term of 100 months fallen above the Guidelines range—if, for example, the post-Amendment range of 77 to 96 months had applied—the district court still would have concluded that 100 months was "not greater than necessary" to achieve the purposes set forth in § 3553(a). *See Davis*, 825 F.3d at 1027 ("[A] defendant should be eligible for a sentence reduction when one factor in a defendant's sentence was a 'since-rejected Guideline.'" (quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011) (plurality opinion))); *cf. United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1044 (9th Cir. 2017) (holding that a Rule 11(c)(1)(C) sentence was not "based on" the Guidelines where the district court calculated the applicable Guidelines range, then disregarded that range due to the applicability of a statutory mandatory minimum).

Accordingly, as in *Davis*, the district court's "'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines,'" and that sentence is eligible for reduction through § 3582(c)(2). *See* 825 F.3d at 1027 (quoting *Freeman*, 564 U.S. at 534 (plurality opinion)). On remand, the district court should proceed to step two of the § 3582(c)(2) analysis and "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction

authorized by reference to [U.S.S.G. § 1B1.10] is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

**REVERSED AND REMANDED.**