FILED

NOT FOR PUBLICATION

MAY 31 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30120 |
| Plaintiff-Appellee, | D.C. No. 3:98-cr-00208-SI-22 |
| v. | |
| ADOLPH SPEARS, SR., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 17, 2019**
Portland, Oregon

Before: N. RANDY SMITH and PAUL J. WATFORD, Circuit Judges, and
JAMES V. SELNA,*** District Judge.

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. 34(a)(2).

\*\*\* The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

1

At the conclusion of a jury trial, Defendant-Appellant Adolph Spears, Sr. ("Spears") was convicted of various crimes based on his involvement in a cocaine trafficking conspiracy. The court sentenced Spears to life imprisonment. Spears appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 782 ("Amendment 782").[1] The motion was presented to a different judge following the original sentencing judge's retirement. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

Whether a district court has jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)(2) is reviewed *de novo*. *United States v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017). Whether a district court may supplement the original sentencing court's drug quantity findings when deciding a § 3582(c)(2) motion is also reviewed *de novo*. *Id.* A district court's factual findings regarding drug quantities are reviewed for clear error. *Id.* at 959.

1.      The district court did not err when it made a supplemental finding that Spears was responsible for approximately 100 kilograms of crack cocaine. "In those cases where a sentencing court's quantity finding is ambiguous or incomplete

---

[1] Spears brought an earlier motion for a reduced sentence, which the district court denied and this Court affirmed. *United States v. Spears*, 824 F.3d 908 (9th Cir. 2016) ("*Spears I*").

. . . § 3582(c)(2)'s eligibility inquiry may require a district court to supplement the original sentencing court's drug quantity findings." *Mercado-Moreno*, 869 F.3d at 954. Both when initially sentenced, and when Spears's first § 3582(c)(2) motion was denied, the district court, relying on the presentence report ("PSR"), found that Spears was responsible for the minimum drug quantity required to support the sentence it had imposed—1.5 kilograms when he was sentenced, 8.4 kilograms when he filed his first § 3582(c)(2) motion. However, in each of those instances the court declined to specify what the total quantity was for which Spears was responsible, though the PSR (which the district court adopted) indicated that Spears was responsible for a significantly larger total quantity. Because the district court never previously stated definitively what total drug quantity Spears was responsible for distributing, the district court did not err when it found that supplemental findings were needed in order to determine whether Spears was responsible for the drug quantity (25.2 kilograms) specified under the current sentencing guidelines.

2.     As noted, the sentencing court adopted the statements in the PSR regarding drug quantity (excluding those "upon which no finding [was] necessary") which ultimately concluded that, based on the evidence, Spears "is accountable for approximately 100 kilograms of cocaine base" as a "leader/organizer" in the

3

criminal conspiracy. The district court based its conclusion on specific findings in the PSR that: (1) one codefendant purchased cocaine from Spears on 10 to 12 occasions, with the first three transactions involving "kilograms" and the remaining transactions involving "nine-ounce quantities"; (2) two codefendants were distributing ten kilograms of crack cocaine per week for Spears during the fall of 1997; (3) one codefendant estimated purchasing 200 kilograms of cocaine from Spears; and (4) it was established at trial that the conspiracy converted "most" of its cocaine to crack cocaine, and that one kilogram of cocaine yielded slightly more than one kilogram of crack cocaine. *See Spears I*, 824 F.3d at 914–15.

The district court did not abuse its discretion when it looked to the transcript of the sentencing hearing and the conclusions in the PSR adopted by the sentencing court to make its supplemental finding regarding drug quantity. *See Mercado-Moreno*, 869 F.3d at 957 (quoting *United States v. Valentine*, 694 F.3d 655, 670 (6th Cir. 2012)). Moreover, the finding does not contradict any findings made by the sentencing court, and there is no support for Spears' contention that the conclusions in the PSR contradict the trial record. *See id.* at 955 ("Such findings must be supported by the record and cannot contradict any findings made by the original sentencing court."). Therefore, the district court's finding that Spears was

responsible for approximately 100 kilograms of crack cocaine was not clearly erroneous, nor did it abuse its discretion when it found that Spears was not entitled to a reduced sentence.

3.      The district court also did not abuse its discretion when it declined to hold an evidentiary hearing before making its supplemental finding regarding drug quantity, particularly because it did not consider evidence outside the record. *See Mercado-Moreno*, 869 F.3d at 954.

        **AFFIRMED.**