**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10029 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00874-RS-1 |
| v. | |
| GRACIELA QUINONEZ RIVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Graciela Quinonez Rivera appeals pro se from the district court's order

denying her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rivera argues that Amendment 782 to the Guidelines lowered her base

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

offense level by two, and therefore authorized the district court to reduce her sentence. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Spears*, 824 F.3d 908, 913 (9th Cir. 2016). The district court correctly concluded that it did not have that authority because, even after the Amendment, Rivera's base offense level remained 38 given the large drug quantity involved in her offense. *See* U.S.S.G. § 2D1.1(c)(1) (2014). Because Amendment 782 did not lower Rivera's applicable guideline range, the district court did not err in denying her motion. *See* U.S.S.G. § 1B1.10(a)(2)(B); *Spears*, 824 F.3d at 916.

In light of this disposition, we do not reach the government's alternate argument.

**AFFIRMED.**