# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 16, 2010    Decided February 15, 2011

No. 09-3124

UNITED STATES OF AMERICA,
APPELLEE

v.

JAMES DUNN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:91-cr-00243)

*Mary Manning Petras*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Kristina L. Ament*, Assistant U.S. Attorney, argued the cause for appellee. On the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III*, *T. Anthony Quinn*, and *Ann K.H. Simon*, Assistant U.S. Attorneys. *Mary B. McCord*, Assistant U.S. Attorney, entered an appearance.

Before: ROGERS, BROWN and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Appellant James Dunn is serving consecutive prison sentences for possession of crack cocaine and murder. After a retroactive change in the federal Sentencing Guidelines, the district court reduced his drug sentence under 18 U.S.C. § 3582(c)(2), but concluded that it lacked authority to make that sentence concurrent rather than consecutive with his murder sentence. We affirm the district court's judgment.

I

In 1989, James Dunn was arrested and charged with second-degree felony murder under the laws of the District of Columbia. While released pending trial in the D.C. Superior Court, Dunn was arrested and charged with a federal crime for possessing 95 grams of crack cocaine. In August 1991, he pled guilty to the D.C. murder charge. Several weeks later, he pled guilty to the federal drug charge. On November 6, 1991, the federal district court sentenced Dunn to 121 months in prison and five years supervised release for the drug offense, at the low end of the 121 to 151 months recommended by the Sentencing Guidelines. Two days later, the Superior Court sentenced Dunn to a consecutive prison term of 15 years to life for second-degree murder.

In November 2007, the U.S. Sentencing Commission amended the Sentencing Guidelines to lower the penalties for crack-cocaine possession. *See* U.S.S.G. Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). The new sentencing range for Dunn's drug offense was 97 to 121 months. Soon thereafter, the Commission made this reduction retroactive. *See id.*, Amdt. 713 (effective Mar. 3, 2008).

Congress has provided a means for prisoners to benefit from such retroactive changes in the Guidelines. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(2). In March 2008, Dunn filed a *pro se* motion to reduce his sentence under this statute. In August 2009, he filed an amended motion through counsel with the additional request that his drug sentence be made concurrent with, instead of consecutive to, his murder sentence.

In November 2009, the district court reduced Dunn's cocaine sentence to the statutory minimum of 120 months, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2006), but concluded that it lacked authority to change the consecutive nature of his sentences. *United States v. Dunn*, 668 F. Supp. 2d 220, 222 (D.D.C. 2009). Dunn now appeals the latter holding. We review the district court's legal conclusions *de novo*, exercising appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).[1]

---

[1] Although the district court may have erred by reducing the length of Dunn's completed prison term after he had served all 121 months in prison for his drug offense, *see United States v. Gamble*, 572 F.3d 472, 473-74 (8th Cir. 2009), the government agreed to the reduction and has not pressed the issue on appeal. The government's litigation strategy does not relieve us of the obligation to assure ourselves of the district court's jurisdiction, especially under a statute whose limitations we have described as having a "somewhat jurisdictional flavor." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). We are satisfied that the district court had jurisdiction here because § 3582(c)(2) "creates a class of cases that the district court is empowered to act upon— cases where a defendant has been sentenced to a term of

4

II

Dunn argues that a court granting a reduction under § 3582(c)(2) has authority under 18 U.S.C. § 3584(a) to make the reduced sentence concurrent with the prisoner's other sentences. Section 3584(a) states: "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ." According to Dunn, a § 3582(c)(2) proceeding "imposes" a new sentence and thereby triggers the court's discretion under § 3584(a) to make the reduced sentence concurrent rather than consecutive.

Dunn's argument is foreclosed by the Supreme Court's recent decision in *Dillon v. United States*, 130 S. Ct. 2683 (2010), which made clear that a court's authority in a sentence-reduction proceeding is strictly limited to shortening the length of a prison term and does not extend to collateral matters unrelated to the Guidelines change. Dillon was a prisoner serving a sentence subject to the same retroactive Guidelines modification that applied to Dunn. When Dillon moved to reduce his prison term pursuant to § 3582(c)(2), he also asked the court to grant him a variance below the new sentencing range and to correct various mistakes in his original sentence. *Id.* at 2687. The Court held that these matters fell outside the ambit of § 3582(c)(2), explaining that the statute's "text, together with its narrow scope, shows that

imprisonment and the guideline range has subsequently been lowered by the Commission." *United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008). This case falls squarely within that jurisdictional grant. Thus, "the court had the ability to issue a binding decree on the defendant[]; it just (arguably) erred in applying the proper remedy." *Id.*

Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 2691. Because the requested variance and the alleged sentencing errors "were not affected by the [Guidelines amendment], they [were] outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them." *Id.* at 2694.

Dunn seeks to avoid the force of *Dillon* by seizing upon the Supreme Court's use of the word "impose" in connection with a sentence reduction. *See id.* at 2691-92 ("Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range."). As Dunn acknowledges, *Dillon* also stated that "a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." *Id.* at 2691. But he reads this to mean that "while a § 3582 proceeding is not the same as an initial sentencing, the end result is that a sentence is imposed." Appellant Reply Br. 10. Dunn contends that because his sentence reduction involved the "impos[ition]" of a new sentence, the district court had authority under § 3584(a) to make the sentence "run concurrently or consecutively" with his other sentence.

We need not parse the Supreme Court's passing use of the word "impose" because the Court clearly stated that the sole remedy permitted under § 3582(c)(2) is "a sentence reduction within the narrow bounds established by the Commission." *Dillon*, 130 S. Ct. at 2694. In the present case, the Commission modified the sentencing range for Dunn's drug crime, which had nothing to do with the concurrent or consecutive status of his sentence. For this reason, Dunn's effort to link § 3582(c)(2) with § 3584(a) must fail.

*Dillon* accords with our precedent, which has interpreted § 3582(c)(2) to provide "a circumscribed opportunity for district courts to give sentencing relief when the Sentencing Guidelines are changed." *United States v. Lafayette*, 585 F.3d 435, 438 (D.C. Cir. 2009). This "circumscribed opportunity" is an "exception to the usual finality of sentencing decisions [and] is triggered only by a Guidelines amendment." *Id.* It does not include changes to "features of earlier sentencing decisions" not affected by the change in the Sentencing Guidelines. *Id.* This is so because "it would be quite incongruous, to say the least, if section 3582(c)(2) provided an avenue for sentencing adjustments wholly unrelated to such an amendment." *Id.* Indeed, if § 3582(c)(2) permitted sentencing adjustments unrelated to Guidelines modifications, "every retroactive Guidelines amendment would carry a significant collateral windfall to all affected prisoners, reopening every aspect of their original sentences." *Id.*

The district court properly concluded that it had no authority to grant Dunn the windfall he sought in this case.

## III

For the foregoing reasons, the district court's judgment is

*Affirmed.*