**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Nos. 15-30209 15-30210 |
| v. | D.C. Nos. 2:08-cr-00130-RBL-1 3:06-cr-05351-RBL-7 |
| LAURO AGUILAR-CANCHE, AKA Lauro Aquillar-Canche, AKA Lauro Ivan Aquilar-Canche, *Defendant-Appellant.* | OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 7, 2016
Seattle, Washington

Filed August 29, 2016

Before: ANDREW J. KLEINFELD, M. MARGARET
McKEOWN, and MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Criminal Law

Affirming the district court's denial of a motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of sentences in light of Sentencing Guidelines Amendment 782, the panel held that the consecutive nature of sentences is not modifiable pursuant to § 3582(c)(2).

The panel wrote that the sentences, for which the district court imposed the mandatory minimums at a consolidated sentencing hearing, were not "based on" a subsequently-amended Guideline range, and that the district court was not authorized under § 3582(c)(2) to reconsider their consecutive nature.

### COUNSEL

Dennis Carrol (argued), Assistant Federal Public Defender, Federal Public Defender's Office, Seattle, Washington, for Defendant-Appellant.

Helen J. Brunner (argued), First Assistant United States Attorney; Annette L. Hayes, United States Attorney; United States Attorney's Office, Seattle, Washington; for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

M. SMITH, Circuit Judge:

In 2008, Lauro Aguilar-Canche pleaded guilty in two separate federal drug distribution cases. The district court, in a consolidated sentencing proceeding, imposed the mandatory minimum sentence for each plea, and ordered that the sentences be served consecutively. In 2015, Aguilar-Canche moved for a reduction in sentence based on an amendment to the United States Sentencing Guidelines. We affirm the district court's denial of that motion because the sentences were not "based on" a subsequently-amended Guideline range.

## FACTS AND PRIOR PROCEEDINGS

In 2005, Aguilar-Canche was pulled over in Nebraska for a traffic stop. During the stop, police searched his car and discovered 620 grams of a substance containing methamphetamine and 973 net grams of cocaine. He was charged in the District of Nebraska with possession and intent to distribute cocaine and methamphetamine. The Nebraska court released him on bond to the Western District of Washington, with the requirement that he wear an electronic ankle bracelet while he awaited trial. While he was on supervised release in Washington, he was implicated in another drug distribution investigation. Law enforcement in Washington obtained a search warrant for Aguilar-Canche's residence, where they found him sleeping in a bedroom containing 212.4 net grams of a substance containing methamphetamine, 123.7 net grams of cocaine, ten cell phones, a digital scale "used for weighing narcotics," and $3,178 in cash. At the time of his arrest, Aguilar-Canche was

still wearing the ankle bracelet that was a condition of his Nebraska release. He was arrested and charged in the Western District of Washington with conspiracy to distribute methamphetamine, cocaine, and heroin, as well as possession of methamphetamine and cocaine with intent to distribute. The Nebraska case was transferred to the Western District of Washington and the two cases were consolidated.

In the Nebraska case, Aguilar-Canche pleaded guilty to one count of possession of methamphetamine and cocaine with intent to distribute pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). In the Washington case, he pleaded guilty to one count of possession of methamphetamine with intent to distribute pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). As the district court noted, this plea deal was very much to Aguilar-Canche's potential benefit. The government agreed to dismiss all of the other charges; the plea preserved his eligibility for safety-value sentencing relief;[1] and the consolidated nature of the plea "took off the table the possibility that the government would obtain a conviction in one case, and then use that conviction to enhance [his] mandatory minimum in the other." In both plea agreements, the government offered no assurances as to the sentence Aguilar-Canche might receive, and explicitly stated that the district court would independently determine his sentence. Aguilar-Canche was advised of the statutory minimum and maximum sentences for both charges. The Nebraska charge

---

[1] Aguilar-Canche did apply for safety-valve sentencing relief. The government recommended against it on the grounds that his story explaining away his involvement in drug distribution was "incredible," that he lied about being a gang member, and that he was involved in a scheme to bribe a guard and smuggle contraband into the detention facility while he was in custody. The district court ruled that he was not eligible for safety-valve relief.

carried a mandatory minimum sentence of ten years in prison, and a maximum sentence of life in prison. *See* 21 U.S.C. § 841(b)(1)(A). The Washington charge carried a mandatory minimum of five years in prison, and a maximum sentence of forty years in prison. *See* 21 U.S.C. § 841(b)(1)(B).

Aguilar-Canche's advisory Guideline range for the combined offenses was 135 to 168 months in prison. With mandatory minimum sentences of 120 months for the Nebraska charge and 60 months for the Washington charge, it is evident that if the sentences were to run concurrently, the total prison time (120 months) would be below the Guideline range, and if they were to run consecutively, the total prison time (180 months) would be above the Guideline range. Thus, the district court's decision with regard to whether the sentences would run concurrently or consecutively determined whether Aguilar-Canche received a sentence above or below the Guideline range.

At the sentencing hearing, the prosecution asked for a "lengthy sentence" of 180 months. The prosecutor noted that the court could divide the mandatory minimum sentences "up however [it] want[ed]," but argued that sentencing Aguilar-Canche to consecutive 120-month and 60-month sentences on the Nebraska and Washington charges "ma[de] sense." The prosecutor noted that another option would be to sentence "180 months on Nebraska," which was still within the statutory range, "and whatever you want" on the Washington charges and run the two sentences concurrently, which would reach the same result but with concurrently running sentences. The district court determined that imposing consecutive mandatory minimum sentences for each offense would be "cleaner."

Furthermore, the probation officer noted that an above-Guideline sentence would be in the interest of justice and would avoid a disproportionately low sentence. Specifically, the drug quantities at issue in Nebraska alone yielded the same Guideline level as the combined drug quantities in both the Nebraska and Washington cases. To follow the Guideline range, the officer argued, would "essentially . . . discount[] the reoffend."

The district court next considered the sentencing factors in 18 U.S.C. § 3553(a), and concluded that an aggregate sentence that was above the Guideline range was warranted. It did not think Aguilar-Canche was "one of those good people who simply made a mistake," because he violated his bond immediately "after telling the judge in Nebraska that he's going to straighten up and fly right." The court also noted that the offense was particularly serious because "[t]he amount of meth involved in these offenses is stunning," and that it "really, really affects communities and individuals in an adverse way." Due to Aguilar-Canche's "continuous flaunting of the law," the court sentenced Aguilar-Canche to 120 months on the Nebraska charge and 60 months on the Washington charge, to be served consecutively.

Aguilar-Canche appealed both sentences, and we affirmed. We held that the district court "conducted a well-reasoned and balanced analysis of the 18 U.S.C. § 3553(a) sentencing factors, and the sentence imposed is substantively reasonable." *United States v. Aguilar-Canche*, 362 F. App'x 618 (9th Cir. 2010).[2]

---

[2] After his direct appeal, Aguilar-Canche filed a habeas petition pursuant to 28 U.S.C. § 2255(a), alleging that the judge who oversaw his guilty plea "improperly pressured him into pleading guilty" and that he received

In 2014, Aguilar-Canche filed a motion in the district court, requesting that his sentences be modified to run concurrently rather than consecutively. He invoked 18 U.S.C. § 3582(c)(2), which allows for a term of imprisonment to be modified if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The sentencing-range amendment that Aguilar-Canche relied on in this motion was the amended U.S.S.G. § 4A1.2(a)(2), which, as the district court noted, "deals with how . . . sentences imposed before the offense of conviction . . . are dealt with in calculating a Defendant's Criminal History Category." At the original sentencing, Aguilar-Canche had no criminal history at all, so the amendment to U.S.S.G. § 4A1.2(a)(2) would not have affected his sentence. Because the amendment to U.S.S.G. § 4A1.2(a)(2) had "nothing to do with determining whether sentences should run concurrent[ly] or consecutive[ly] in the first instance," the district court denied the motion. In August 2014, we summarily affirmed the district court's order, concluding "that the questions raised . . . are so insubstantial as to not require further argument." *United States v. Aguilar-Canche*, Nos. 14-30023, 14-30024 (Aug. 26, 2014).

In April 2015, Aguilar-Canche filed another motion for modification pursuant to 18 U.S.C. § 3582(c)(2), based on another amendment to the Sentencing Guidelines. That motion was based on Amendment 782, which amended the drug-quantity table in U.S.S.G. § 2D1.1. The amendment reduced by two levels the offense levels assigned to drug

---

ineffective assistance of counsel. *Aguilar-Canche v. United States*, No. C10-5100, 2010 WL 4063281, at *2 (W.D. Wash. Oct. 15, 2010). The district court denied his habeas petition and denied a certificate of appealability. *Id.* at *3.

quantities that trigger statutory minimum standards, and is to be applied retroactively. U.S.S.G. supp. app. C. Pursuant to the amended Guideline, Aguilar-Canche's offense level would have been two levels lower than originally calculated. The corresponding sentencing range would have been 120 to 135 months, not 135 to 160 months. Like the amendment to U.S.S.G. § 4A1.2(a)(2), the basis for Aguilar-Canche's previous motion for modification, Amendment 782 does not address whether two sentences should run concurrently or consecutively. The district court denied the motion, ruling that "[n]othing in Amendment 782 compels the Court to revisit its earlier sentence." Aguilar-Canche then filed this timely appeal.

## ANALYSIS

As a general matter, a trial court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." (alterations in original, internal quotation marks omitted)). The statute includes a few exceptions to this general rule. At issue here is the one providing that a sentence may be modified where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such cases, the "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.G. § 1B1.10. *Id.* The statute therefore creates a two-

step inquiry. "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826.

The Sentencing Guidelines policy statement provides that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

Aguilar-Canche argues that his requested modification is consistent with the policy statement because Amendment 782, if it had been in effect at the time he was sentenced, would have yielded a lower Guideline range than the one before the district court. Further, he reads the phrase "shall leave all other guideline application decisions unaffected" to mean that the district court *can* (and in fact, must) reconsider all other, non-Guideline decisions that led to the sentence—in this case, the decision that the sentences run consecutively. The essence of Aguilar-Canche's argument is that once a Guideline range is lowered, it opens the door for the district court to reconsider its entire sentence, except for "other guideline application decisions" which are not directly adjusted by the amendment. We reject this interpretation of the statute and corresponding policy statement.

Aguilar-Canche's argument focuses exclusively on the language in the policy statement that the district court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b). It ignores the threshold statutory requirement in § 3582(c)(2), which limits the exception to situations where the defendant "has been sentenced to a term of imprisonment *based on* a sentencing range that has been subsequently lowered." 18 U.S.C. § 3582(c)(2) (emphasis added).

The Supreme Court has cautioned that the exception to sentencing finality in § 3582(c)(2) is "narrow [in] scope," and is "intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. By its terms, § 3582(c)(2) is only available to modify a sentence that was "based on" a subsequently lowered Guideline range. The Court has held that this narrow scope is consistent with the policy statement. "[T]he policy statement seeks to isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence." *Freeman v. United States*, 564 U.S. 522, 530 (2011). "Working backward from this purpose, § 3582(c) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence." *Id.*

In this case, the since-rejected Guideline range of 135 to 168 months was *not* a relevant part of the analytic framework the judge used to determine the sentence. In fact, the district court applied the statutory minimum sentence to each charge, not the Guideline range. While the Guideline ranges are advisory, *United States v. Booker*, 543 U.S. 220, 245 (2005),

the statutory minimum and maximums are mandatory and trump any Guideline range. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *see Edwards v. United States*, 523 U.S. 511, 515 (1998) ("[A] maximum sentence set by statute trumps a higher sentence set forth in the Guidelines.").

Aguilar-Canche is correct that the district court could have exercised its discretion and ruled that the two mandatory-minimum sentences run concurrently, for a total of 120 months. That sentence would have been lower than the Guideline range at the time of sentencing, and at the bottom of the Guideline range after Amendment 782. He also concedes that his motion is a request that "the trial court reconsider the consecutive nature of the sentence in light of the reduced guideline range." However, the consecutive nature of the sentence is unrelated to the "marginal effect the since-rejected Guideline had on the defendant's sentence." *See Freeman*, 564 U.S. at 530. It is theoretically possible, of course, that if the district court in 2008 had been presented with the lower Guideline range, the lower numbers might have influenced it in some way to be more lenient when it came to the consecutive nature of the sentence. But this is entirely speculative. If we were to accept Aguilar-Canche's statutory argument, we would open the door to a "plenary resentencing proceeding," even where the connection between the lowered Guideline range and the challenged sentencing decision is tenuous. *Cf. Dillon*, 560 U.S. at 826. We therefore hold that the district court was not authorized by § 3582(c)(2) to reconsider the consecutive nature of Aguilar-Canche's sentences.

Although the rulings of other circuits are not binding upon us, we note that the reasoning underlying our holding is substantially similar to the reasoning of the D.C. Circuit's opinion in *United States v. Dunn*, 631 F.3d 1291 (D.C. Cir. 2011). In *Dunn*, the defendant was convicted of both a drug charge and second-degree murder. *Id.* at 1291. He was sentenced in federal court to 121 months in prison for the drug charge, which was "at the low end" of the Guideline range, and 15 years to life in prison for the murder charge in D.C. Superior Court. *Id.* at 1292. The two sentences were to be served consecutively. *Id.* Sixteen years later, the Sentencing Commission retroactively amended the Guidelines on the drug charge, with a new Guideline range of 97 to 121 months. *Id.* The district court reduced the drug sentence "to the statutory minimum of 120 months, but concluded that it lacked authority to change the consecutive nature of [Dunn's] sentences." *Id.* (citation omitted). The D.C. Circuit affirmed, ruling that *Dillon*'s prohibition on plenary resentencing "made clear that a court's authority in a sentence-reduction proceeding is strictly limited to shortening the length of a prison term and does not extend to collateral matters unrelated to the Guidelines change," which includes the consecutive nature of the sentences. *Id.* at 1293.

Aguilar-Canche attempts to distinguish *Dunn* on the basis that it "involved an undischarged term of imprisonment for a separate case in a separate court." Dunn had been charged with murder in D.C. Superior Court, and was on pre-trial release when he was arrested on the federal drug offense. Aguilar-Canche, by contrast, was charged with a drug offense in the District of Nebraska and while on pre-trial release for that offense, charged with a second drug offense in the Western District of Washington. However, Aguilar-Canche does not explain why this distinction should cause us to come

to a different interpretation of the statute. The crux of *Dunn*'s holding (with which we agree) is that a court's decision to run sentences consecutively is unrelated to a subsequent Guideline change, and is thus not modifiable pursuant to § 3582(c)(2).

Aguilar-Canche's final argument is that the result here is an absurd one, because the sentencing court *could* have chosen to impose a sentence of 180 months for the Nebraska charge and 0 months for the Washington charge to run concurrently. If it had done so, Aguilar-Canche would have an easier time using the amended Guideline range to challenge the total length of his sentences pursuant to § 3582(c)(2). True, the district court might have taken this option—but it did not. Moreover, we have held in a previous appeal that the two sentences, including the ruling that they run consecutively, were substantively reasonable. The consecutive nature of the sentences is not modifiable according to § 3582(c)(2) because it was not "based on" the Guideline range, notwithstanding the fact that it might have been if the district court had chosen to impose a different sentence.

## CONCLUSION

The district court's denial of Aguilar-Canche's motion for reduction in sentence is AFFIRMED.