**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0279n.06

Case No. 16-1615

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>May 18, 2017<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CHARLES CANNON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | | **O P I N I O N** |

**BEFORE: BOGGS, MOORE, and McKEAGUE, Circuit Judges.**

**BOGGS, Circuit Judge.** Charles Cannon is currently serving back-to-back sentences for a cocaine offense and a firearm offense. After the Sentencing Commission retroactively lowered his guideline range, he asked for a sentence reduction. Cannon was originally sentenced to 256 months of imprisonment for the cocaine offense and 72 months of imprisonment for the firearm offense, for total punishment of 328 months, a sentence that fell near the midpoint of his original guideline range of 292 to 365 months. The district court granted Cannon's motion for a sentence reduction and reduced Cannon's sentence for the cocaine offense to 235 months of imprisonment, leaving the consecutive 72-month sentence for the firearm offense in place, for total punishment of 307 months. Cannon argues that this was error: the amended guideline range was 235 to 293 months, so, even though the new sentence for the *cocaine* offense fell at the low end of the amended range, the *total punishment* now fell *above* the high end of the amended

range by fourteen months, contrary to the district court's statement in its sentence-reduction order that "[t]he reduced sentence is within the amended guideline range."

Although the district court was certainly free to impose a sentence above the amended guideline range (and, indeed, Form AO 247, which is the standard-form sentence-reduction order for a reduced sentence under the amended guidelines, specifically allows the district court to elect an above-guideline-range sentence), it appears that the district court's statement that it was imposing a within-guideline-range sentence is contrary to the actual sentence that it imposed.

Accordingly, applying abuse-of-discretion review, we reverse and remand.

I

The police captured Cannon after he fled from a car containing cocaine and guns. He stood trial on one cocaine charge and one firearm charge. The jury convicted him of both.

At sentencing, the district court grouped Cannon's offenses together to calculate a guideline range. *See* USSG §3D1.2(c). It calculated the group's range to be 292 to 365 months. Then, the court chose a total punishment from this range, ultimately deciding on 328 months.

Finally, the court translated this "total punishment" into formal "terms of imprisonment" for each offense. The Guidelines have a vision for how this should work. *See* USSG §5G1.2. The sentencing court should start with the count that carries the highest statutory maximum; it should impose the desired total punishment for that count (and it should then impose up to the total punishment on each remaining count, with all the sentences to run concurrently), *unless* the highest statutory maximum is lower than the desired total punishment, in which case the court should impose the statutory maximum on the count that carries that highest statutory maximum and then impose consecutive sentences on such of the remaining counts as necessary in order to reach the desired total punishment. *See* §5G1.2(b), (c).

Cannon's cocaine offense had a maximum sentence of life, but his firearm offense had a maximum of 120 months. Thus, the Guidelines would have had the court give Cannon 328 months on the cocaine offense and up to 120 months (the statutory maximum) on the firearm offense—to run concurrently—to impose total punishment of 328 months. *See id.*

The Guidelines, however, are only advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). And the district court wanted to signal "that when a felon has a gun, he deserves the additional punishment." So the court divided Cannon's total punishment between the two offenses. It assigned 256 months to the cocaine offense and 72 months to the firearm offense. It then made the sentences consecutive to reach 328 months. We later affirmed Cannon's convictions and sentences on direct appeal. *See United States v. Cannon*, 552 F. App'x 512, 517 (6th Cir. 2014).

Curiously, of course, the court's decision to divide the total punishment between the two offenses and run them consecutively had *no discernible impact* on Cannon's sentence at the time of sentencing, at least not when compared with what the Guidelines would have produced under the procedure outlined above: serving a 72-month sentence consecutive to a 256-month sentence is functionally equivalent to serving a 72-month (or 120-month, or even 328-month) sentence *concurrently with* a 328-month sentence. It is only now, upon modification, that the district court's decision to divide the total punishment into two consecutive sentences has resulted in potentially greater punishment than Cannon would otherwise have received. But we do not now sit in review of the district court's initial curious sentencing decision (not that the district court erred), so we will set this apparent oddity aside.

II

While Cannon was serving his time, the Sentencing Commission promulgated Amendment 782 to the Guidelines. This amendment retroactively changed the drug-quantity table used to calculate guideline ranges for drug offenses. The new table lowered Cannon's range from 292 to 365 months to 235 to 293 months, so he filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

A

Undisputedly, the amendment made Cannon eligible for *some* sentence reduction. Any reduction, however, had to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement limits a court's discretion in two ways. USSG §1B1.10.

First, the policy statement sets out a procedure the court must follow. *See* §1B1.10(b)(1). The court must calculate a new guideline range only by substituting the amended guideline provisions "for the corresponding guideline provisions that were applied when the defendant was sentenced[.]" *Id.* The court must "leave all other guideline application decisions unaffected." *Id.* Neither the policy statement nor the Guidelines define what does or does not qualify as a "guideline application decision."

Second, the policy statement sets a sentencing floor for the court. *See* §1B1.10(b)(2)(A). The court may only reduce the defendant's "term of imprisonment" to "the minimum of the amended guideline range[.]" *Id.* Even if a court originally sentenced a defendant to a term below his original range, it still cannot reduce the term to something below the amended range.

*See id.* n. 3.[1]  An exception to this sentencing floor applies, however, when the original reason for imposing a sentence below the guideline range was a government motion to reflect the defendant's substantial assistance. *See* §1B1.10(b)(2)(A)-(B).  Undisputedly, this exception does not apply to Cannon.  Nor does §1B1.10(b)(2)(A) take into consideration the "total punishment" imposed when a reduced sentence runs consecutively with additional sentences; instead, it prevents *any* "term of imprisonment" from being lowered to a below-guideline-range term—and, under 18 U.S.C. § 3584, it would appear that each of Cannon's sentences is a separate "term of imprisonment."  Thus, USSG §1B1.10(b)(2)(A) would seem to prevent the district court from lowering the term of imprisonment associated with the cocaine charge to anything lower than 235 months.[2]  *See* §1B1.10(b)(2)(A); *see also United States v. Smith*, 655 F. App'x 376, 382 (6th Cir. 2016) ("The Guidelines may be advisory, but §1B1.10(b)(2)(A)'s restrictions are not.").

B

Here is the puzzle: at least at first glance, there appears to be no way that the district court could have granted Cannon's motion for sentence reduction and recalculated Cannon's sentence

---

[1] For example, if a defendant had an original range of 70 to 87 months; he received a 56-month term of imprisonment; and then his amended guideline range was 51 to 63 months, a court could still only lower his term of imprisonment to 51 months. *See* §1B1.10 n.3.

[2] This of course raises yet another curiosity: what about the 72-month firearm sentence, which is necessarily below the low end of the amended guideline range (given that the statutory maximum for the firearm charge is 120 months)?  Presumably, under a strict reading of §1B1.10(b)(2)(A), the district court is permitted to leave the 72-month sentence in place, but—because it is also a "term of imprisonment" that is below the amended guideline range—"the court shall not *reduce*" it any further. *Ibid.* (emphasis added).  Such a reading could make sense: in a case like Cannon's, if the district court had originally given 220 months on the cocaine charge and 72 months on the firearm charge, for a total of 292 months, then this reading would imply that no modification would be available: both the 220 months and the 72 months would be below the amended range (235 to 293 months), and so the total punishment of 292 months (incidentally, within the amended range, unlike the 307 months in this case) would stand without reduction.  An alternate reading of "term of imprisonment" in §1B1.10(b)(2)(A), however, would be "total punishment," a reading that is arguably supported by 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate *term of imprisonment*." (emphasis added)).  Under such a reading, so long as the total punishment did not fall below the amended guideline range, the modified sentence would not violate §1B1.10(b)(2)(A) even if some of the reduced sentences, on their own, fell below the amended range.  For the purpose of this opinion, because Cannon has not argued otherwise, we assume without deciding that each of Cannon's sentences is a separate "term of imprisonment" for the purpose of §1B1.10(b)(2)(A).

using the amended guideline range while *also* following §1B1.10(b)(1)'s admonition to "leave all other guideline application decisions unaffected." Let's say that the district court wanted to impose a sentence within the new range of 235 to 293 months: how would it do that? If it wanted to "leave . . . unaffected" its previous "guideline application decision" to divide the total punishment between two offenses and run the sentences consecutively, then it would have to reduce the sentence for the cocaine offense to some number of months which, when added to the 72-month firearm sentence, would produce a within-guideline-range total punishment. But there is no such number: even if the district court wanted to sentence Cannon to total punishment of 293 months (the high end of the amended range), it would have to impose a sentence of, say, 221 months on the cocaine charge and 72 months on the firearm charge. But the 221-month sentence would be *below* the low end of the amended range, and that is impermissible under §1B1.10(b)(2)(A), even though the 256-month sentence originally imposed by the court on the cocaine offense was *itself* below the low end of the original guideline range.

Or, perhaps, the court could decide to divide and stack the sentences some other way, such as by imposing a 235-month sentence for the cocaine offense and a consecutive 58-month sentence for the firearm offense, thus reaching the high end of the amended guideline range while leaving unaffected the initial decision to run the divided sentences consecutively. But that raises the question whether reducing the 72-month sentence to 58 months would also violate §1B1.10(b)(2)(A). And it would not leave *entirely* unaffected the district court's original guideline-application decisions because it would be a recrafting of the court's division of the total punishment into separate terms of imprisonment.

Alternatively, the court could decide, as it apparently did here, that it would reduce the sentence for the cocaine offense to the low end of the amended range (235 months) and leave the

consecutive 72-month sentence intact so as to "leave . . . unaffected" the decision to impose a consecutive 72-month sentence for the firearm offense while also granting the apparently greatest possible reduction on the cocaine sentence (without dipping below the low end of the amended range, that is). The court's decision to impose the 235-month sentence was guided by a Sentence Modification Report, which recommended doing exactly that. But the result of that choice was to impose "total punishment"—to use the term employed by USSG §5G1.2—above the high end of the amended range, which did not "leave . . . unaffected" the court's original decision to impose within-guideline-range total punishment.

Finally, the court could have chosen *not* to continue running the 72-month sentence consecutively but rather to run it *concurrently* with a reduced sentence on the cocaine offense, which could conceivably have fallen anywhere within the 235- to 293-month range; but, yet again, that would not "leave . . . unaffected" the court's original decision to impose consecutive sentences.

The catch—and the solution to this apparent puzzle—is that the court's original decision to impose consecutive sentences was *not* a "guideline application decision." If anything, it was a decision to *reject* the Guidelines. The Guidelines, as spelled out above in Part I, would have produced two concurrent sentences with the greater of the two sentences equal to the desired total punishment. Thus, the district court, in reducing Cannon's sentence, could have stayed true to the Guidelines and heeded the policy statement by imposing concurrent rather than consecutive sentences, even though it originally imposed consecutive sentences.

C

In the proceedings below, the probation office prepared a Sentence Modification Report, which interpreted the policy statement as allowing the court to reduce Cannon's cocaine term

only to the bottom of the amended guideline range (235 months), and which recommended "307 months imprisonment, consisting of 235 months on Count 1 and 72 months on Count 2, consecutive." Notably, the report stated that Cannon "was originally sentenced below the guidelines" (presumably referring to the fact that the 256-month term on the cocaine offense was below the original guideline range), without expressly acknowledging that the original sentence imposed within-guideline-range total punishment. The report further stated that "[r]educing [Cannon's] sentence as recommended would comply with" Amendment 782.

Cannon objected to the report. He asserted that the court could reduce his total punishment to something inside the amended guideline range. Specifically, he contended that "the total punishment should be no higher than *264 months*, or 192 months on Count One and a consecutive 72 months on Count Two." Cannon's proposed 264-month sentence would fall in the middle of his amended range of 235 to 293 months, much the way his original 328-month sentence fell near the midpoint of his original range of 292 to 365 months. And, while §1B1.10(b)(2)(A) appears to foreclose the possibility of reducing the cocaine sentence to 192 months in order to reach 264 months when stacked with the firearm sentence, §1B1.10(b)(1) does *not* foreclose the possibility of reducing the cocaine sentence to something like 264 months (or 235 months, or any other term within the amended range) and then running that sentence *concurrently* with the firearm sentence in order to achieve a new reduced total punishment within the new reduced guideline range.

Of course, the Sentence Modification Report did not contemplate reducing Cannon's cocaine sentence to within the amended range of 235 to 293 months and then running it concurrently with his firearm sentence. Nor did Cannon spell out that option in his response (although it would certainly be one means of achieving the proposed sentence that Cannon

argued for). Instead, the district court adopted the recommendation of the Sentence Modification Report, imposing total punishment of 307 months while also checking the box on Form AO 247 corresponding to the statement that "[t]he reduced sentence is within the amended guideline range."

D

We review a district court's modification of a sentence for abuse of discretion. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). A district court abuses its discretion if it "relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Ibid.*

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011). 18 U.S.C. § 3582(c) authorizes sentence modification when "(1) the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2) (emphasis omitted)).

Thus, while the district court had discretion to modify Cannon's sentence according to Amendment 782, the Guidelines, and applicable policy statements, its discretion was not as unfettered as that accorded to district courts engaging in sentencing in the first instance.

E

What, then, was the district court to do? We make no statement as to the appropriate punishment—total or otherwise—that the district court should have imposed on Cannon, for that is the province of the district court. But because the court provided no reasoning for its

simultaneous decisions to impose above-guideline-range total punishment *and* to state that the reduced sentence was "within the amended guideline range," we reverse and remand for further modification of Cannon's sentence.

On remand, the court is free to consider either of the following options. First, it may decide to impose total punishment within the amended guideline range of 235 to 293 months, and, if necessary in light of the Guidelines' prohibition on reducing any "term of imprisonment" to below the amended guideline range except in certain circumstances not applicable here, it may impose concurrent rather than consecutive sentences for the two counts in order to do so. Second, it may impose an above-guideline-range total punishment as it has done, but in choosing to do so, it should elect the statement that "[t]he reduced sentence is above the amended guideline range" on Form AO 247, and provide at least some reasoning in support of its decision. In electing either option, the district court should bear in mind that a sentence reduction under Amendment 782 is meant to be only a "limited adjustment" to a sentence rather than "a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (emphasizing that modification is not the same as resentencing).

III

The Government argues that the district court's decision to impose consecutive sentences cannot now be revisited because it made that decision, which was well within the court's discretion, at the time of Cannon's original sentencing. Appellee's Br. 14. For support, the Government relies on language from the Supreme Court and from two out-of-circuit cases. *See Dillon*, 560 U.S. 817; *United States v. Aguilar-Canche*, 835 F.3d 1012, 1017 (9th Cir. 2016); *United States v. Dunn*, 631 F.3d 1291, 1293 (D.C. Cir. 2011). But these cases do not address the more complex question before us now, which is not whether to revisit the district court's original

decision to impose consecutive sentences, but whether to *require* the district court to cling to that initial decision, when doing so would seemingly necessarily result in an above-guideline-range total punishment even though Cannon's original sentence carried within-guideline-range total punishment.

Rather than so requiring, we leave it to the district court to determine whether to impose concurrent sentences that together carry total punishment within the amended guidelines range, or to impose consecutive sentences that (in this case, at least) necessarily impose total punishment above the amended range.

IV

For the foregoing reasons, we **REVERSE** and **REMAND**.

**McKEAGUE, Circuit Judge, concurring in the judgment.** I concur in the result because my colleagues believe that the district court misunderstood the scope of its authority. Absent their concerns, however, I would affirm because Cannon never asked the district court to make his sentences concurrent. Instead, he asked the court to reduce his cocaine sentence while continuing to run his firearm sentence consecutively. The court declined to do so. I would see no abuse of discretion here if the court merely failed to consider an argument that Cannon never raised. It would tax our system to let litigants complain that the district court failed to act as their counsel. I don't read the majority to disagree. But I concur separately because Cannon's appeal relied on arguments that he never presented to the district court.